**MAUGAOTEGA SAVANE, Plaintiff**

**v.**

**NOA LAFI, POU NOA, and the members of the NOA FAMILY of Asili, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 13-96

October 17, 1996

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:         For Plaintiffs, Asaua Fuimaono
                 For Defendants, Arthur Ripley

Opinion and Order Granting Plaintiff's Motion for Summary Judgment:

## Introduction

On July 10, 1996, plaintiff Maugaotega Savane ("Maugaotega"), the senior matai of the Maugaotega family of Asili, filed a complaint and an application for a temporary restraining order against Noa Lafi, Pou Noa, and the members of the Noa family of Asili (collectively, "defendants"). Maugaotega's complaint alleged that the Maugaotega family owned land "Vaita'i," pursuant to the High Court's August 25, 1992, order disposing of *Noa Lafi v. Maugaotega Miti*, LT No. 41-91,[1] and pursuant to the Territorial Registrar's registration of title in the Maugaotega family, on April 20, 1992. Maugaotega's complaint further alleged that defendants were preparing a burial site on Vaita'i, and that a burial on Maugaotega family land of an individual who was not a member of the Maugaotega family would cause great and irreparable harm to Maugaotega and the Maugaotega family. The complaint sought, among other things, the issuance of a preliminary and permanent injunction against defendants enjoining them from burying a member of their family on Vaita'i.

On July 11, 1996, we issued a temporary restraining order against defendants and ordered defendants, their agents, employees, servants, relatives and attorneys to refrain from entering land Vaita'i, to refrain from doing further work on the grave, and to refrain from burying anyone therein.

On October 11, 1996, pursuant to T.C.R.C.P. 56(a), Maugaotega moved for summary judgment against defendants on the grounds that there is no genuine issue of material fact.

Defendants oppose the motion for summary judgment on the grounds that the Chiefs of the Maugaotega family agreed to permit the burial after discussions with the Noa family at the Office of Samoan Affairs, and that Mrs. Fuluiole Tevaseu, notwithstanding the plaintiff's registration of the land Vaita'i, owns the land by adverse possession through 30 years of open, continued, and hostile occupation and cultivation of the land.

## Discussion

Plaintiff is entitled to summary judgment if there are no triable issues of fact. T.C.R.C.P. 56; *Etimani v. Samoa Packing*, 19 A.S.R. 2d 1, 4 (1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 276 (1986). In the instant case, there will be no triable issue of fact if the

---

[1] In this matter, the Court dismissed the Noa family's objection to an offer by the Maugaotega family to register title to the land Vaita'i, after the Noa family failed to comply with an order of the court to plead and go forward with its objection and counterclaim.

Maugaotega family have absolute title to the property on which the grave site is located.

■■■■ The doctrine of *res judicata* bars a land title action when a previous final adjudication resolves a dispute between the same families and concerns the same tract of land. *Taulaga v. Patea*, 4 A.S.R.2d 186, 186-87 (Land & Titles Div. 1987); *see also Te'o v. Sotoa*, 5 A.S.R.2d 90, 97 (Land & Titles Div. 1987); *Fanene v. Fanene*, 26 A.S.R.2d 8, (Land & Titles Div. 1994), *aff'd* 30 A.S.R.115, (App. Div. 1996). In the instant case, this court has already resolved the dispute between the Noa and Maugaotega families with respect to Vaita'i in favor of the Maugaotega family. The court's 1992 decision and order in LT 41-91 is binding on Ms. Fuluiole Tevaseu and all other members of the Noa family, because Samoan communal land belongs to families rather than individuals, and a judgment against the family is binding on all members of the family. *See Taulaga v. Patea*, 17 A.S.R.2d 34, 36 (App. Div. 1990). Additionally, the Noa family's adverse possession claims, which the Noa family failed to assert at the time of the initial dispute over title registration allegedly due to lack of actual notice, cannot disturb the previous adjudication. *See Faleafine v. Suapilimai*, 7 A.S.R.2d 108, 114 (Land & Titles Div. 1988) (giving full effect to land registration performed in accordance with statutory procedures outlined in A.S.C.A. §§ 37.0101, et seq., even though party who might have objected did not discover the proposed registration in time to object).

The alleged informal agreement reached by the Maugaotega and Noa families at the Office of Samoan Affairs does not undermine the validity of this final judgment as to title. *See Te'o v. Sotoa*, 5 A.S.R.2d at 98 (refusing to uphold a proffered "settlement" that, among other things, was never judicially approved and was renounced by the adverse party soon after the settlement was allegedly reached).

### Conclusion & Order

We conclude the absence of any triable issues of fact. Defendants' counter-claim is precluded by the doctrine of *res judicata* and shall be dismissed. The defendants will be compelled to excavate and remove the grave from the land Vaita`i at defendants' expense with minimal damage, disruption, and inconvenience to Maugaotega and the Maugaotega family. The court cannot allow defendants to avoid an injunction that would otherwise issue against them simply by doing all the irreparable harm they plan to do without warning to those who will be injured. *See Talili v. Satele*, 3 A.S.R.2d 36, 38 (Land & Titles Div. 1986). Moreover, defendants should not profit through flagrant disregard for the court's process by burying a family member in violation of its temporary restraining order.

33

Maugaotega is entitled to summary judgment as a matter of law. His motion is granted. Accordingly, the defendants, their agents, employees, servants, relatives and attorneys and all those in active concert or participation with them be and are permanently enjoined from trespassing on the Maugaotega family's land Vaita'i in Asili. Additionally, the grave of a Noa family member on Vaita'i shall be removed at defendant's expense with minimal damage, disruption and inconvenience to the Maugaotega family.

It is so ordered.